UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                            Case No.: 14-70001-reg
                                                                                       Chapter 11
JOE'S FRIENDLY SERVICE & SON
INC., d/b/a THATCHED COTTAGE
AT THE BAY,

                              Debtor
-----------------------------------------------------------X
In re:                                                                            Case No.: 14-70002-reg
                                                                                       Chapter 11
THATCHED COTTAGE LP,

                              Debtor
-----------------------------------------------------------X

        Gary C. Fischoff, an attorney duly admitted to practice before this Court affirms under penalty of perjury:

        1. I am a member of the firm of Berger, Fischoff & Shumer, LLP attorneys for Yama Raj,("Raj") the successful bidder at the Trustee's auction for the sale of the real property located 445 East Main Street, Centerport, New York (the "Property"). I submit this Affidavit in Support of Raj's motion for an Order; (a) pursuant Federal Rule of Bankruptcy Procedure 9024 and Rule 60 (b)(1),(3) and (6) of the Federal Rules of Civil Procedure vacating the Order of this Court dated October 16, 2014 (Docket No. 247) which confirmed the Trustee's Auction for Sale of the property; (b) rescinding the contract of sale as incorporated in the Terms of Sale because of mutual mistake; and (c) authorizing the Trustee to return Raj's bid deposit because the Trustee is unable to convey the property in conformance with the Terms of Sale.

        2. On August 11, 2014, the Court entered an order authorizing the auction sale of the property located at 445 East Main Street, Centerport, New York, to take place on September 24, 2014. After entry of the order authorizing the Trustee to conduct an auction, David Maltz & Co.,

the Trustee's court authorized auctioneer began to market the property. The marketing effort included online and direct mail efforts, including wide distribution of a color brochure announcing the sale of a "21,000 Square Foot Water Front Catering Facility". A copy of the brochure is annexed hereto as Exhibit "A". The color brochure which gave an aerial view of the property and in a contrasting blue line encircled the subject property and represented that the property being sold consisted of the catering facility, buildings and property including the waterfront and bulkhead. The materials indicated without any specific disclaimer, that Property was offered as an actual waterfront property.

3. Prior to the auction, Raj conducted due diligence which included going to the Building Department for the Town of Huntington, which has jurisdiction over the property, to review the files. The Building Department advised that it had no paper files available for review. Nonetheless, without being aware, whether or not the property had the appropriate certificates of occupancy or permits to conduct a catering business, Raj was still willing to proceed with the purchase of the property because crucial to his decision, it was a unique waterfront property affording him the ability to conduct catering events on the waterfront in Centerport. While Long Island may be surrounded by water, it has limited facilities available for catering events on the actual waterfront. Accordingly Raj proceeded with the auction and was a successful bidder at $4,650,000.00 plus "buyers" premium of $165,000.00 for a total of $4,836,000.00. On October 16, 2014, the Court entered the order authorizing the Trustee to proceed with a closing on the bid.

4. Pursuant to the contract (a copy of the executed Terms of Sale is annexed as Exhibit "B") between Raj and the Trustee, $651,000.00 was deposited with the Trustee at the conclusion of the sale as the required deposit. Closing was initially scheduled, but on mutual consent was adjourned

on two occasions. In late November, Trustees' counsel was advised that Raj did not wish to proceed, because the property was not a waterfront facility, and he wanted his deposit returned. On December 2, 2104, Trustee's counsel sent a "time of the essence" letter scheduling the closing for December 16, 2014. A copy of that letter is annexed hereto as Exhibit "C".

5. It is submitted the Trustee cannot deliver a deed for the property which was offered for sale because a survey of the property made for Raj after the conclusion of the auction indicates the property does not include the actual waterfront. An approximate 4 foot swath from the waterline and back, being almost the entire west to east length of the property belongs to the Town of Huntington and never belonged to the Debtor and therefore cannot be conveyed by the Trustee. A copy of the survey is annexed hereto as Exhibit "D".

6. The Terms of Sale provided at paragraph at 16 "the Real Properties are being sold *"AS IS" "WHERE IS", "WITH ALL FAULTS" without any representations, covenants, guarantees or warranties of any kind or nature, free and clear of any liens, claims or encumbrances of whatever kind or nature , with such liens, if any to attach to the proceeds of sale in such order and priority as they existed immediately prior to the Closing, and the sale of the Real Properties are subject to, among other things **(a) any state of facts that an accurate survey may show**.....*" While the property is being delivered "as is" "where is" the Trustee is unable to actually deliver, under any condition, even "as is", a portion of what was actually offered for sale.

7. The Trustee will argue that the property was purchased "as is" "where is" "with all faults" and "any state of facts that an accurate survey may show" but such language should be inapplicable to the current situation. The statement "any state of facts that an accurate survey may show" is a term of art.

8. In the ordinary custom and usage the "any state of facts of that accurate survey may show" language would usually apply to minor variations in lot lines or such items such as a fence or an enclosure, shed, deck or garage that is not within the boundaries or such structure might be encroaching from a neighboring property. <u>Meehan v. Newman Improvement Corporation,</u> 262 N.Y. 682, 188 N.E. 119 (1933); <u>McCarter v. Crawford</u>, 245 N.Y. 43, 46 156 N.E. 90 (1927) In <u>McCarter</u>, the Court of Appeals enforced a contract where a survey revealed a slight encroachment of 2 to 8 inches. But in contrasting the case it had, with other possible facts, such as before this Court, it said:

> *"encroachment might be of such a substantial nature that the plaintiff would not get the building or the main part of it, which she contracted to purchase."*

245 N.Y. 43 at 46

9. In this case, the Trustee through his agent advertised and represented throughout, that it was selling a waterfront property extending from the waterline, including the bulkhead back to the road. While it may be waterview, the inability of the Trustee to convey the actual waterfront of the property which is from the waterline and including the bulkhead and approximately four feet along the substantial west to east length of the property, renders the contract subject to rescission and void. The divergence between what was offered and what an "accurate survey may show" falls outside of the commonly accepted "slight encroachment" usage of that term of art. <u>McCarter v. Crawford</u>, 245 N.Y. 43 at 46. The Trustee is unable to deliver the "essence" of the contract.

10. While Raj was diligent to conduct his due diligence and he did so, it was also reasonable for him to expect, without verifying, that what was offered for sale by the Trustee, was at a minimum, what the Trustee said it was, subject to facts that did not vitiate the essence of the contract. The public in dealing with a Trustee, who is an extension of the Court should expect no

less. "The rule that a buyer must protect himself against undisclosed defects does not apply in all strictness to a purchase at a judicial sale" *Lane v. Chantilly Corporation*, 251 N.Y. 435; 167 N.E. 578, (1929) See also, *Meehan v. Newman Improvement Corporation*, 262 N.Y. 682; 188 N.E. 199 (1933). In Meehan, a property was sold at auction and included the language "*Sold subject to any state of facts an accurate survey would show...*" Nonetheless, the Court allowed the purchaser to rescind the contract because the actual lot dimensions varied slightly from the dimensions indicated on the materials displayed at the auction.

11. If the Trustee, at the time of the sale was unaware that the property being conveyed did not include the waterfront portion, and Raj believed it included the waterfront portion, then the sale was conducted under a mutual mistake, and the contract – the Terms of Sale, – is subject to rescission and void and the order approving the sale should be vacated. *Rodriguez v. Mower*, 56 A.D. 3d 857; 866 N.Y.D 2d815 (3rd Dept. 2008); *Estate of Siegel*, 5 Misc. 3d 1017(A); 2004 WL 2656723 (N.Y. Sur.) Further, if the order approving the sale was based upon a mistake, then the order approving the sale should likewise be vacated.

12. In Mower, the Court set forth the elements for rescission for a conveyance of real property for a mutual mistake as:

> "*in order to obtain such relief, it must be shown that the mistake in question is mutual, substantial, material and exists at the time of the contract is entered (see County of Orange v. Grier, 30 A.D.3d 556, 556-557, 817 N.Y.S.2d. 146 (2006). "The effect of rescission is to declare the contract void from its inception and to put or restore the parties to status quo" (id. at 557, 817 N.Y.S.2d 146 [internal quotation marks and citation omitted]; see Larsen v. Potter, 174 A.D.2d 801, 802, 571 N.Y.S.2d 121 (1991). If a mutual mistake existed at the time of contract, when the Terms of Sale were executed then the "....agreement does not represent a true meeting of the parties' minds" Carney v. Carozza, 16 A.D.3d 867, 868-869, 792 N.Y.S. 2d 642 (2005)*

56 A.D.3d. at 858-59, 866 N.Y.S.2d at 818

13. See, *In Re: Oyster Bay Cove* 161 B.R. 338 (E.D.N.Y. 1993). In Oyster Bay Cove, the Court found the buyer was in default for failing to close when the auctioneer had prominently displayed, at the sale, a map indicating an alleged defect. 761 B.R. at 343-344. In contrast with this case, the Trustee did the opposite. He prominently displayed the sale, materials obscuring the fact that the property was not waterfront. Indeed, the Trustee created the false impression of the offering, unlike in Oyster Bay, where the defect was highlighted at the auction. Concealment, even if inadvertent, of a substantial defect should render the sale void.

14. Further justifying that Raj is entitled to a return of his deposit is on November 20, 2014 the Department of Public Safety for the Town of Huntington declared the building "unsafe" and prohibited occupancy under threat of fine and imprisonment. A copy of the posted sign is annexed hereto as Exhibit "E". While Raj was aware of certain issues with the physical condition of the building he was unaware of the total uselessness of the building. It is submitted that the Trustee, prior to the sale through his agents had a "Structural Inspection Report" dated August 15, 2014, prepared by Galli Engineering P.C. which indicated that the building was structurally unsound. A copy of this report, which Raj recently obtained, is annexed hereto as Exhibit "F".

It is submitted, that the Trustee, through his agents, had a duty to disclose this report prior to the sale.

WHEREFORE, based on the foregoing, it is respectfully requested that the Court enter an order.

    (a) Pursuant Federal Rule of Bankruptcy Procedure 7024 and Rule 60 (b)(1), (3) and (6) of the Federal Rules of Civil Procedure vacating the Order of this Court dated October 16, 2014 (Docket No. 247) which confirmed the Trustee's Auction for Sale of the Property; or

(b) Rescinding the contract of sale as incorporated in the Terms of Sale; because of mutual mistake; or

(c) Authorizing the Trustee to return Raj's bid deposit because the Trustee is unable to convey a property in conformance with the Terms of Sale.

Dated: Woodbury, NY  
December 12, 2014

BERGER, FISCHOFF & SHUMER, LLP  
Attorneys for Yama Raj

By: Gary C. Fischoff, Esq.