**LaMonica Herbst & Maniscalco, LLP**             **Hearing Date: January 7, 2015 at 1:30 p.m.**
3305 Jerusalem Avenue, Suite 201             **Objection Due: January 2, 2015**
Wantagh, New York 11793
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                                    Chapter 11
         JOE'S FRIENDLY SERVICE &                 Case No.: 14-70001 (REG)
         SON INC., d/b/a THATCHED COTTAGE
         AT THE BAY,

                         Debtor.
-----------------------------------------------------------------x
In re:

                                                                    Chapter 11
         THATCHED COTTAGE LP,                     Case No.: 14-70002 (REG)

                         Debtor.
-----------------------------------------------------------------x

**NOTICE OF CHAPTER 11 OPERATING TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §105 AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, SEEKING APPROVAL OF THE STIPULATION BY AND BETWEEN THE CHAPTER 11 OPERATING TRUSTEE AND LTP, INC. AND LITTLE NECK, LLC RESOLVING THE PARTIES' INTEREST IN AND TO THE INITIAL DEPOSIT AND THE ADDITIONAL PAYMENT MADE IN CONNECTION WITH EXECUTORY CONTRACTS FOR THE SALE OF REAL PROPERTIES**

**PLEASE TAKE NOTICE,** that on **January 7, 2015[1] at 1:30 p.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge, Eastern District of New York, at 290 Federal Plaza, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York 11722, on the motion (the "Motion") of R. Kenneth Barnard, Esq., the Chapter 11 Operating Trustee (the "Trustee") of the jointly administered estates of Joe's Friendly Service & Son Inc. d/b/a Thatched Cottage at the Bay ("Joe's Friendly") and Thatched Cottage LP ("Thatched Cottage", along with Joe's Friendly are collectively referred to herein as the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to § 105 of

---

[1] At the hearing on December 15, 2014, the Court advised the Trustee, through his counsel, to schedule this Motion to be heard on January 7, 2015.

1

Title 11 of the United States Code (the "Bankruptcy Code") Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), approving the stipulation by and between the Trustee and LTP, Inc. ("LTP") and 12 Little Neck, LLC ("Little Neck", along with LTP and the Trustee are collectively referred to herein as the "Parties") resolving the Parties' interest in and to an initial deposit and the additional payment made in connection with executory contracts for the sale of real properties.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Robert E. Grossman, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Gary F. Herbst, Esq., **no later than January 2, 2015** as follows: (I) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated:  December 18, 2014
        Wantagh, New York

                         **LAMONICA HERBST & MANISCALCO, LLP**
                         Counsel to the Trustee

           By:    *s/ Gary F. Herbst*
                    Gary F. Herbst, Esq.
                    Jacqulyn S. Loftin, Esq.
                    3305 Jerusalem Avenue, Suite 201
                    Wantagh, New York 11793
                    Tel: 516.826.6500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

       JOE'S FRIENDLY SERVICE &
       SON INC., d/b/a THATCHED COTTAGE
       AT THE BAY,

                      Debtor.

Chapter 11
Case No.: 14-70001 (REG)

----------------------------------------------------------------x
In re:

       THATCHED COTTAGE LP,

                      Debtor.

Chapter 11
Case No.: 14-70002 (REG)

----------------------------------------------------------------x

**CHAPTER 11 OPERATING TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §105 AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, SEEKING APPROVAL OF THE STIPULATION BY AND BETWEEN THE CHAPTER 11 OPERATING TRUSTEE AND LTP, INC. AND LITTLE NECK, LLC RESOLVING THE PARTIES' INTEREST IN AND TO THE INITIAL DEPOSIT AND THE ADDITIONAL PAYMENT MADE IN CONNECTION <u>WITH EXECUTORY CONTRACTS FOR THE SALE OF REAL PROPERTIES</u>**

To:    The Honorable Robert E. Grossman
         United States Bankruptcy Judge
         United States Bankruptcy Court
         Eastern District of New York

R. Kenneth Barnard, Esq., the Chapter 11 Operating Trustee (the "<u>Trustee</u>") of the jointly administered estates of Joe's Friendly Service & Son Inc. d/b/a Thatched Cottage at the Bay ("<u>Joe's Friendly</u>") and Thatched Cottage LP ("<u>Thatched Cottage</u>", along with Joe's Friendly are collectively referred to herein as the "<u>Debtors</u>"), by his attorneys, LaMonica Herbst & Maniscalco, LLP ("<u>LHM</u>"), submits this motion (the "<u>Motion</u>") seeking entry of an Order, pursuant to § 105 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") Rule 9019 of the Federal Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>"), approving the stipulation (the "<u>Stipulation</u>") by and between the Trustee and LTP, Inc. ("<u>LTP</u>") and 12 Little Neck, LLC

3

("Little Neck", along with LTP and the Trustee are collectively referred to herein as the "Parties") resolving the Parties' interest in and to an initial deposit and the additional payment made in connection with executory contracts for the sale of real properties, and respectfully represents as follows:

## PROCEDURAL BACKGROUND

1. On January 2, 2014 (the "Filing Date"), the Debtors filed separate voluntary petitions for reorganization under Chapter 11 of Bankruptcy Code with the Clerk of the United States Bankruptcy Court, Eastern District of New York (the "Court").

2. On January 10, 2014, the Court entered an Order authorizing the joint administration of the Debtors' cases.

3. By Order dated July 3, 2014 the Office of the United States Trustee was directed to appoint a Chapter 11 trustee in the Debtors' cases. Accordingly, by Notice dated July 4, 2014, R. Kenneth Barnard was appointed as the Chapter 11 Operating Trustee.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought in this Motion are Bankruptcy Code § 105 and Bankruptcy Rule 9019.

## FACTUAL BACKGROUND

6. Prior to the Filing Date, LTP and Little Neck entered into separate contracts with Ralph Colamussi ("Colamussi"), former principal of the Debtors, to purchase certain parcels of real property. Specifically, on July 29, 2013, Colamussi entered into a contract with LTP to purchase the real property located at 15 Park Circle, Centerport New York for $1,550,000.00 (the

4

"LTP Contract") and into a contract with Little Neck to purchase the real property located at 12 Little Neck Road, Centerport, New York for $1,100,000.00 (the "Little Neck Contract" along with the LTP Contract are collectively referred to herein as the "Contracts"). An initial deposit in the amount of $100,000.00 (the "Initial Deposit") was paid upon execution and allocated between the Contracts.

7. The initial closing date for the sale of the real properties was scheduled for August 15, 2013, but the closing did not occur. On August 29, 2013, Colamussi requested, and LTP and Little Neck consented, to the extension of time to close on the Contracts to September 29, 2013 to obtain financing. On September 30, 2013, Colamussi requested a further extension to October 15, 2013 to obtain financing. On October 1, 2013 counsel for LTP and Little Neck wrote to Colamussi's attorney advising that LTP and Little Neck would not consent to any further extensions and requested a copy of a commitment or letter of denial of financing.

8. On October 18, 2013, counsel for LTP and Little Neck received amendments to the Contracts from Colamussi's counsel deleting the mortgage clause, making the Contracts all cash transactions, and the closing date amended to read "on or about" November 15, 2013. On October 22, 2013, LTP and Little Neck executed the amendments and returned them to Colamussi's counsel.

9. On December 5, 2013, counsel for LTP and Little Neck sent Counsel for Colamussi and Colamussi a "law date" letter establishing December 19, 2013, as a "law date" closing.

10. On December 12, 2013, counsel for LTP and Little Neck received a letter from Colamussi's counsel confirming receipt of the "law date" letter. LTP and Little Neck have advised that in further conversations they learned that Colamussi sought to adjourn the closings

to the end of January 2014. LTP and Little Neck advised that they would agree to such further adjournment if Colamussi paid an additional $200,000.00 of the purchase prices (not escrowed) directly to Cynthia Baranskas, principal of LTP and Little Neck.

11. On December 16, 2013, counsel for LTP and Little Neck wrote to Colamussi's attorney that advising that if the $200,000.00 was received by the end of business on December 18, 2013, the closing scheduled for December 19, 2013 would be adjourned. Colamussi failed to deliver the $200,000.00 on December 18, 2013; but counsel for Colamussi stated that his client intended to take title in the name of Thatched Cottage. On December 19, 2013, LTP Colamussi failed to appear.

12. Thereafter, Colamussi's counsel requested to cure the defaults. Counsel for LTP and Little Neck sent a letter for Colamussi to sign that set forth the default and stated that, in exchange for Colamussi's payment of $200,000.00, LTP and Little Neck would excuse the default and establish a new closing date of January 31, 2014. The letter also stated that TIME [IS] OF THE ESSENCE. Colamussi signed the letter and agreed to a closing "on or before January 31, 2014 TIME IS OF THE ESSENCE". Further, on December 21, 2013 $200,000.00 was paid to Cynthia Baranskas (the "Additional Payment") without restriction, to cure the default ($130,000.00 to be applied to the LTP Contract and $70,000.00 to the Little Neck Contract, if the Contracts closed).

13. On December 31, 2013, counsel for LTP and Little Neck sent a letter to counsel for Colamussi acknowledging the Additional Payment and in order to accommodate Colamussi's counsel's vacation schedule, agreed to a February 5, 2014, "TIME [IS] OF THE ESSENCE" closing date with a time of closing at 1:00 P.M.

14. On February 4, 2014, bankruptcy counsel for the Debtors sent counsel for LTP

and Little Neck a letter that the Debtors filed for bankruptcy. Colamussi did not appear on February 5, 2014 and the closing on the real properties never occurred.

15. Manual Varveris asserts that he agreed to loan the Debtors the Additional Payment and in exchange Thatched Cottage executed a Promissory Note dated December 19, 2013.

16. Counsel for LTP and Little Neck is currently holding the Initial Deposit in an attorney escrow account. Each of the Parties has asserted an interest in and to the Deposit and the Additional Payment.

17. Shortly after the Trustee's appointment, the Parties, through their respective counsel, entered into negotiations in an effort to resolve their interests in and to the Deposit and the Additional Payment. As a result of those efforts, the Parties have reached an agreement resolving their respective interests in the Deposit and the Additional Payment. The Parties then drafted the proposed Stipulation memorializing the terms of the agreement, the salient terms of which are set forth below. For a comprehensive review of the terms of the settlement the Stipulation annexed to this Motion as Exhibit "A".

## THE STIPULATION

18. The Stipulation is subject to approval of the Court and will become effective after the passage of fourteen (14) days from the date the Court so-orders the Stipulation and enters an Order substantially in the form attached to the Stipulation as Exhibit "A" (the "Effective Date"). Nothing in the Stipulation shall, however, constitute an admission, waiver of rights or any other undertaking by the Parties unless and until this Stipulation becomes effective.

19. LTP and Little Neck have agreed to pay the Trustee, on behalf of the Debtors' estates, the sum of $75,000.00 (the "Settlement Sum"), provided the Stipulation and all its terms

are approved by the Court. The Stipulation provides for (i) a full and final satisfaction of any and all claims against LTP, Little Neck and Cynthia Baranaskas and their counsel by anyone, including, but not limited to, the Trustee, the Debtors, Colamussi, and Varveris, in and to the Deposit, the Additional Payment and the Contracts; (ii) declaring that the Debtors and Trustee are in default under the terms of the Contracts; (iii) rejecting and terminating the Contracts; (iv) declaring that LTP, Little Neck and Cynthia Baranaskas may retain the Initial Deposit and the Additional Payment; (v) granting relief from the automatic stay in regard to the Contracts; and (vi) a waiver of all claims by LTP and Little Neck against the estates.

20. The Settlement Sum will be paid within five (5) business days from the Effective Date, by check, issued to "R. Kenneth Barnard as the Chapter 11 Trustee" and mailed to LaMonica Herbst & Maniscalco, LLP, 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793, Attn: Gary F. Herbst, Esq.

## BASIS FOR RELIEF

21. The Trustee respectfully requests that the Court enter the proposed Order approving the Stipulation by and between the Trustee and LTP and Little Neck resolving the Parties' claims in and to the Initial Deposit and the Additional Payment tendered in connection with the Contracts for the sale of the real properties.

22. The proposed Stipulation resolves a host of issues and claims in and to the Initial Deposit, the Additional Payment, as well as the Contracts for the sale of the real properties while avoiding a potentially extensive and costly litigation.

23. Upon his appointment, the Trustee was responsible for resolving the estates' claims in and to such payments under the Contracts executed by Colamussi on behalf of the Debtors. Clearly, proceeding with the closing on the sale of the real properties was not a viable

option. Consequently, the Trustee had to negotiate a settlement that was in the best interest of estates' creditors. After months of negotiations, the Trustee was able to procure a settlement of $75,000 for the benefit of the estates' creditors. The Stipulation also resolves the pending Motion filed by LTP and Little Neck seeking the entry of an Order requesting a default under the terms of the two executory contracts and retention of the Initial Deposit and the Additional Payment. Such Motion of LTP and Little Neck would have likely led to an evidentiary hearing given the complexity surrounding the Contracts. This would have been a costly burden and only delay a resolution with no assurance that the estates' claims would prevail. By entering into the Stipulation, however, the Trustee was able to resolve all these claims and recover funds for the estates' creditors. Moreover, the Trustee reached out to several parties to see if a sale of the estates' interest in the Contracts was a viable option. Unfortunately, those discussions did not lead to a successful conclusion. At this time, the estates effectively have no alternative but to enter into this resolution.

24.     Accordingly, pursuant to Bankruptcy Rule 9019, the Trustee submits that the Stipulation should be authorized and approved because it is in the best interest of the Debtors, the estates and creditors, represents the sound business judgment of Trustee, and is fair and reasonable under the circumstances.

25.     Bankruptcy Rule 9019(a), which governs the approval of compromises and settlements, provides as follows:

> On motion by the trustee and after a hearing on notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

*See* Bankruptcy Rule 9019(a). Bankruptcy Rule 9019 provides, in relevant part, that: "[o]n

motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.*), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). In fact, settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968) (*quoting Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Accordingly, the Bankruptcy Court is authorized to approve the settlement as set forth in the proposed Stipulation.

26. In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *TMT Trailer Ferry*, 390 U.S. at 424; *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994). A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *Drexel Burnham*, 134 B.R. at 505. In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and reasonable. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (a court may consider the opinions of the trustee or debtor in possession that a settlement is fair and reasonable). In addition, a bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 31 (Bankr. S.D.N.Y. 1998); *see also Shugrue*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

27. The elements that a court should evaluate in considering whether a proposed

settlement falls within the "range of reasonableness" are well-settled: (a) the probability of success in the litigation; (b) the difficulty in collecting after obtaining a judgment in the litigation; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the interest of creditors and a proper deference to their reasonable views of the settlement; and (e) the extent to which the settlement is truly the product of arms' length bargaining, and not of fraud or collusion. *See, e.g., TMT Trailer Ferry, 190 U.S. at 424; In re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983); *Ionosphere Clubs*, 156 B.R. at 426-27. The Trustee submits that the instant settlement satisfies each and every one of the above elements and thus the settlement should be approved.

28. Approval of a settlement under Bankruptcy Rule 9019(a) is appropriate when the settlement is fair and equitable and is in the best interests of a debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *In re Adelphia Commc'n Corp.*, 327 B.R. 143, 159 (S.D.N.Y. 2005) ("The settlement need not be the best that the debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'"); *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y. 1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it.").

29. Accordingly, the Trustee is satisfied that the terms of the Stipulation are well above the "lowest rung on the ladder" of reasonableness, and respectfully requests that the Court approve the Stipulation.

## The Requested Waiver of Claims in and to the Deposit and Contracts Should be Approved

30. Bankruptcy Code § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Second Circuit has held that bankruptcy courts have the power under Bankruptcy

11

Code § 105(a) to issue injunctions that enjoin non-debtor parties. *See Deutsche Bank AG v. Metromedia Fiber Network (In re Metromedia Fiber Network Inc.)*, 416 F.3d 136, 141 (2d Cir. 2005); *The LTV Corp. v. The AETNA Casualty and Surety Co. (In re Chateaugay Corp.)*, 167 B.R. 776, 780-82 (SDNY 1994); *In re Drexel Burnham Lambert Group Inc.*, 960 F.2d 285, 293 (2d Cir. 1992).

31. As set forth in the Stipulation, an integral part of this settlement was the assurance that the Trustee could procure the entry of an Order that provided for a waiver of any and all claims against LTP, Little Neck and Cynthia Baranskas, including any potential third party claims. The Trustee posits that he has the authority, on behalf of the Debtors' estates, to waive such claims because the Debtors were the only true parties to these Contracts. Further, the Deposit and the Additional Payment were provided to LTP and Little Neck by or on behalf of the Debtors. No other third party, including Mr. Varveris, ever entered into a contract with LTP and/or Little Neck with respect to the real properties. Accordingly, any potential claims that Mr. Varveris may have in and to the Additional Payment are strictly derivative claims of the Debtors' estates and his claims would only be against the Debtors' estates by virtue of the promissory note. Consequently, the Trustee, on behalf of the Debtors' estates, has the authority and is the proper party to waive such derivative claims in and to the Deposit, the Additional Payment and the Contracts.

32. Based on the foregoing, the Trustee respectfully requests that the Court approve the Stipulation by and between the Parties resolving the Parties' interest in and to the Initial Deposit and the Additional Payment in connection with Contracts for the sale of real properties.

**WHEREFORE**, the Trustee respectfully requests that the Court approve the Stipulation between the Parties, together with such other and further relief as the Court deems just and proper.

Dated: December 18, 2014
      Wantagh, New York

**LAMONICA HERBST & MANISCALCO, LLP**
Attorneys for the Trustee

By:   *s/ Gary F. Herbst*
      Gary F. Herbst, Esq.
      Jacqulyn S. Loftin, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Ph. 516.826.6500

*M:\Documents\Company\Cases\Thatched Cottage LP\12 Little Neck Contract\9019 Approve the Stipulation.docx*