| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP** | **Hearing Date: March 9, 2015 at 1:30 p.m.** |
| 3305 Jerusalem Avenue, Suite 201 | **Objection Due: March 2, 2015** |
| Wantagh, New York 11793 | |
| Gary F. Herbst, Esq. | |
| Jacqulyn S. Loftin, Esq. | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                                                                                      Chapter 11 Case

JOE'S FRIENDLY SERVICE & SON INC., d/b/a     Case No. 8-14-70001-reg
THATCHED COTTAGE AT THE BAY,

              Debtor.
-------------------------------------------------------------X
In re:

                                                                                                                      Chapter 11 Case

THATCHED COTTAGE LP,                              Case No. 8-14-70002-reg
                                                                                                           (Jointly Administered)

              Debtor.
-------------------------------------------------------------X

**NOTICE OF THE CHAPTER 11 OPERATING TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 105 AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING THE STIPULATION BY AND BETWEEN THE CHAPTER 11 OPERATING TRUSTEE AND BETHPAGE FEDERAL CREDIT UNION AUTHORIZING TURNOVER OF DEPOSIT REMITTED BY HIGHEST BIDDER AT AUCTION SALE TO BETHPAGE FEDERAL CREDIT UNION**

        **PLEASE TAKE NOTICE,** that on **March 9, 2015 at 1:30 p.m.**, or as soon thereafter as counsel may be heard, a hearing shall be held before the Honorable Robert E. Grossman, United States Bankruptcy Judge, Eastern District of New York, at 290 Federal Plaza, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York 11722, on the motion (the "Motion") of R. Kenneth Barnard, Esq., the Chapter 11 Operating Trustee (the "Trustee") of the jointly administered estates of Joe's Friendly Service & Son Inc. d/b/a Thatched Cottage at the Bay ("Joe's Friendly") and Thatched Cottage LP ("Thatched Cottage", along with Joe's Friendly are collectively referred to herein as the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to § 105 of Title 11 of the United States Code (the "Bankruptcy Code") Rule 9019 of the

1

Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), approving the stipulation by and between the Trustee and Bethpage Federal Credit Union ("BFCU" and the Trustee, collectively, the "Parties") for a release of a portion of the deposit remitted by the highest bidder at the auction sale to BFCU.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Bankruptcy Rules, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Robert E. Grossman, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: Gary F. Herbst, Esq., **no later than March 2, 2015** as follows: (I) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE,** that the hearing on the Motion may be adjourned from time to time without any other announcement other than that set forth in open Court.

Dated: February 13, 2015
       Wantagh, New York

                                                  **LaMONICA HERBST & MANISCALCO, LLP**
                                                  Counsel to the Trustee

                       By:    *s/ Gary F. Herbst*
                               Gary F. Herbst, Esq.
                               Jacqulyn S. Loftin, Esq.
                               3305 Jerusalem Avenue, Suite 201
                               Wantagh, New York 11793
                               Tel: 516.826.6500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

        JOE'S FRIENDLY SERVICE &amp;                   Chapter 11
        SON INC., d/b/a THATCHED COTTAGE      Case No.: 14-70001 (REG)
        AT THE BAY,

                    Debtor.
----------------------------------------------------------------x
In re:

                                                          Chapter 11
        THATCHED COTTAGE LP,                     Case No.: 14-70002 (REG)

                    Debtor.
----------------------------------------------------------------x

**CHAPTER 11 OPERATING TRUSTEE'S MOTION SEEKING THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 105 AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING THE STIPULATION BY AND BETWEEN THE CHAPTER 11 OPERATING TRUSTEE AND BETHPAGE FEDERAL CREDIT UNION AUTHORIZING TURNOVER OF DEPOSIT REMITTED BY HIGHEST BIDDER AT AUCTION SALE TO BETHPAGE FEDERAL CREDIT UNION**

To:    The Honorable Robert E. Grossman
        United States Bankruptcy Judge
        United States Bankruptcy Court
        Eastern District of New York

R. Kenneth Barnard, Esq., the Chapter 11 Operating Trustee (the "Trustee") of the jointly administered estates of Joe's Friendly Service & Son Inc. d/b/a Thatched Cottage at the Bay ("Joe's Friendly") and Thatched Cottage LP ("Thatched Cottage", along with Joe's Friendly are collectively referred to herein as the "Debtors"), by his attorneys, LaMonica Herbst & Maniscalco, LLP ("LHM"), submits this motion (the "Motion") seeking the entry of an Order, pursuant to § 105 of Title 11 of the United States Code (the "Bankruptcy Code") Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), approving the stipulation (the "Stipulation") by and between the Trustee and Bethpage Federal Credit Union ("BFCU" and the

3

Trustee, collectively, the "Parties") for a release of the deposit remitted by the highest bidder at the auction sale to BFCU, and respectfully represents as follows:

## PROCEDURAL BACKGROUND

1. On January 2, 2014 (the "Filing Date"), the Debtors filed separate voluntary petitions for reorganization under Chapter 11 of Bankruptcy Code with the Clerk of the United States Bankruptcy Court, Eastern District of New York (the "Court").

2. On January 10, 2014, the Court entered an Order authorizing the joint administration of the Debtors' cases.

3. By Order dated July 3, 2014 the Office of the United States Trustee was directed to appoint a Chapter 11 trustee in the Debtors' cases. Accordingly, by Notice dated July 4, 2014, R. Kenneth Barnard was appointed as the Chapter 11 Operating Trustee.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought in this Motion are Bankruptcy Code § 105 and Bankruptcy Rule 9019.

## FACTUAL BACKGROUND

6. As of the Petition Date, Thatched Cottage was the owner of the premises known as, and located at, 445 East Main Street, Centerport, New York, District: 0400, Section 044.00, Block 01.00 and Lot 010.001 on the Land & Tax map of the County of Suffolk, and the adjacent parking lot located on Route 25A, Centerport, New York, Section 044.00, Block 03.00 and Lot 021.000 on the Land & Tax map of the County of Suffolk (collectively, the "Properties") and Joe's Friendly operated a catering facility at the Properties.

7. BFCU has a duly perfected first priority secured claim in and to the

Properties.

8. On August 11, 2014, the Court entered an Order Granting Motion for Sale of Property under Bankruptcy Code § 363(b) and the assets at Public Auction, free and clear of all Liens (the "Sale Order").

9. Thereafter, on September 24, 2014, David R. Maltz & Co., Inc. ("Maltz"), as Broker for the Trustee, conducted a Public Auction of the Premises pursuant to the Sale Order, which, among other things, authorized the sale of the Properties and approved the Terms and Conditions of Sale.

10. At the public sale, the highest bidder was Yama Raj (the "Highest Bidder"), with a bid in the amount of $4,650,000 with a nonrefundable deposit of $465,000 plus a Buyer's premium of $186,000 (the "Highest Bid") and the Terms and Conditions of Sale and Memorandum of Sale were executed by or on behalf the Highest Bidder. The Highest Bidder remitted to the Trustee a nonrefundable bid deposit and a Buyers' premium in the total sum of $651,000 (the "Deposit") that was subject to forfeit in the event that the Highest Bidder failed to close in accordance with the Terms and Conditions of Sale and the Memorandum of Sale.

11. At a hearing held on September 29, 2014 ("Sale Confirmation Hearing"), the Court approved the Highest Bid of the Highest Bidder and directed that the Highest Bidder or his designee must close pursuant to the Terms and Conditions of Sale and the Memorandum of Sale. The Court entered an Order Confirming the Chapter 11 Trustee's Public Sale of the Debtors' Real Properties and Other Assets on October 16, 2014 (the "Order Confirming Sale"), and pursuant to the Terms and Conditions of Sale, the Closing was to be held no later than 30 days after entry of such Order; i.e., November 15, 2014 ("Closing Date"), TIME OF

THE ESSENCE.

12. The Highest Bidder failed and/or refused to close on the Sale of the Properties. As a result, the Trustee declared a default by the Highest Bidder and requested BFCU, as the holder of the Back-up Bid, to close in accordance with the Terms and Conditions of Sale and Memorandum of Sale. At a closing held on January 2, 2015, the Trustee transferred title to the Properties to Business Services Group LLC, an affiliated entity of BFCU formed for the sole purpose of taking title to the Properties. BFCU, as the holder of a first priority lien and security interest in all of the Debtors' assets, including but not limited to the Properties sold at Public Auction pursuant to various Orders of this Court, asserts a claim in and to the Deposit.

13. The Highest Bidder filed a motion seeking an Order for return of the Deposit (the "Deposit Return Motion"). A hearing on the Deposit Return Motion was held on January 7, 2015, at which time the Court denied the Motion. Thereafter, the Court entered an Order dated January 15, 2015 denying the Deposit Return Motion and found that the Deposit was property of the estate subject to the rights and claims of BFCU and that distribution of the Deposit shall be upon further Order of the Court.

14. Under the terms of the Stipulation, the Trustee will retain the sum of $25,000 from the Deposit with the balance of $626,000 to be remitted to BFCU.

15. The salient terms of which are set forth below, memorializing the terms of the release of the Deposit.

## THE STIPULATION

16. The terms of the Stipulation is subject to approval of the Court and will only become effective on the date of a final non-appealable order approving this Stipulation (the

"Effective Date"). Within five (5) business days of the Effective Date, the Trustee will pay to BFCU the sum of $626,000.00 (the "BFCU Payment") from the Deposit remitted by the Highest Bidder and being held by the Trustee. The BFCU Payment shall be made payable to "Bethpage Federal Credit Union" and mailed, via overnight mail, to Certilman Balin Adler & Hyman, LLP, 90 Merrick Avenue, East Meadow, New York 11554, Attn: Richard J. McCord, Esq.

17. Also under the terms of the Stipulation, the Trustee will retain $25,000.00 from the Deposit. BFCU reserves and retains any and all other rights and claims it may have in and to any other assets and property of the Debtors' estates up to the amount of its secured claim. Upon the distribution of the portion of the Deposit by the Trustee, BFCU's claim against the estates will be reduced by the amount $626,000.00.

## THE TRUSTEE'S MOTION

18. The Trustee respectfully requests that the Court approve the Stipulation by and between the Trustee and BFCU authorizing the turnover of a portion of the Deposit remitted by the Highest Bidder at the public sale of the Properties to BFCU.

19. The Trustee submits that the terms of the proposed Stipulation are in the best interest of the estates because, not only does it provide the estate with unencumbered funds in the amount of $25,000, but it also significantly reduces BFCU's claim against the estates. As set forth above, BFCU has a first priority security interest in and to the Properties in the amount of approximately $5,700,000. Therefore, the payment the Deposit, which has already been deemed property of the Debtors' estates, will greatly reduce this claim against the Debtors' estates.

20. Further, the Trustee proposes that this Stipulation avoids potential litigation between the Trustee, on behalf of the estates, and BFCU. As stated above, the Court has

previously determined that the Deposit is property of the estates. It is also settled that BFCU has a valid first priority lien on the Properties, and consequently the proceeds thereof. BFCU has already made a demand for the Deposit, however, the Trustee would not turnover the funds without further Order of the Court. Accordingly, Therefore, by entering into the Stipulation that permits the Trustee to turn over the Deposit upon the entry of a final non-appealable order, avoids the costly burden of an evidentiary hearing that only delay the administration of these estates to the determent of the creditors. Further, the Trustee was able to recover funds for the estates' creditors while resolving BFCU's interest in and to the Deposit.

21.    Accordingly, pursuant to Bankruptcy Rule 9019, the Trustee submits that the Stipulation should be approved.

## **BASIS FOR RELIEF**

22.    Bankruptcy Rule 9019(a), which governs the approval of compromises and settlements, provides as follows:

> On motion by the trustee and after a hearing on notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

*See* Bankruptcy Rule 9019(a). Bankruptcy Rule 9019 provides, in relevant part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). In fact, settlements and compromises are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.*

*Anderson,* 390 U.S. 414, 424 (1968) (*quoting Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Accordingly, the Bankruptcy Court is authorized to approve the settlement as set forth in the proposed Stipulation.

23. In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. *TMT Trailer Ferry*, 390 U.S. at 424; *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F. 3d 600 (2d Cir. 1994). A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *Drexel Burnham*, 134 B.R. at 505. In exercising its discretion, the bankruptcy court must make an independent determination that the settlement is fair and reasonable. *Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (a court may consider the opinions of the trustee or debtor in possession that a settlement is fair and reasonable). In addition, a bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 31 (Bankr. S.D.N.Y. 1998); *see also Shugrue*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

24. The elements that a court should evaluate in considering whether a proposed settlement falls within the "range of reasonableness" are well-settled: (a) the probability of success in the litigation; (b) the difficulty in collecting after obtaining a judgment in the litigation; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the interest of creditors and a proper deference to their reasonable views of the settlement; and (e) the extent to which the settlement is truly the product of arms' length bargaining, and not of fraud or collusion. *See, e.g., TMT Trailer Ferry, 190 U.S. at 424; In*

*re W.T. Grant Co.*, 699 F.2d 599 (2d Cir. 1983); *Ionosphere Clubs*, 156 B.R. at 426-27. The Trustee submits that the instant settlement satisfies each and every one of the above elements and thus the settlement should be approved.

25. Approval of a settlement under Bankruptcy Rule 9019(a) is appropriate when the settlement is fair and equitable and is in the best interests of a debtor's estate. *See, e.g., TMT Trailer Ferry*, 390 U.S. at 424; *In re Adelphia Commc'n Corp.*, 327 B.R. 143, 159 (S.D.N.Y. 2005) ("The settlement need not be the best that the debtor could have obtained. Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'"); *Nellis v. Shugrue*, 165 B.R. 115, 121 (S.D.N.Y. 1994) ("The obligation of the bankruptcy court is to determine whether a settlement is in the best interest of an estate before approving it.").

26. Accordingly, the Trustee is satisfied that the terms of the Stipulation are well above the "lowest rung on the ladder" of reasonableness, and respectfully requests that the Court approve the Stipulation.

27. The Trustee has not previously sought this relief to this or any other Court.

28. For all the foregoing reasons, the relief requested herein is appropriate and in the best interest of all interested parties, these estates and their creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court approve the Stipulation between the Parties, together with such other and further relief as the Court deems just and proper.

Dated: February 13, 2015
        Wantagh, New York

        **LAMONICA HERBST & MANISCALCO, LLP**
        Attorneys for the Trustee

By:   *s/ Gary F. Herbst*
      Gary F. Herbst, Esq.
      Jacqulyn S. Loftin, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Ph. 516.826.6500

*M:\Documents\Company\Cases\Thatched Cottage LP\Motion Retain Deposit\Release of Deposit Motion\9019 Motion.docx*